# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEWEL WESLEY GIST, | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-12-1208-HE |
| RONALD A. ANDERSON, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff, a state prisoner appearing *pro se* and proceeding *in forma pauperis*, filed this § 1983 action alleging violations of his constitutional rights. The matter was referred for initial proceedings to Magistrate Judge Charles B. Goodwin, who has recommended that plaintiff's claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has objected to the Report and Recommendation.

Plaintiff's claims arise out of the State of Oklahoma's application of funds plaintiff received from the settlement of a civil lawsuit to costs and fines assessed against him in conjunction with his state court criminal conviction. He argues that the State's seizure of the settlement funds in his prison trust account violated his Fourteenth Amendment right to procedural due process, his Fourth Amendment right to be free from unreasonable seizures, his Fourteenth Amendment right to equal protection, and his constitutional right to access to the courts. He also alleges deliberate indifference and interference with contract claims.

The magistrate judge concluded plaintiff's claims, insofar as he seeks monetary relief against defendant Jones in his official capacity, should be dismissed for lack of subject matter

jurisdiction because of Eleventh Amendment immunity, and that the remaining claims against all defendants should be dismissed with prejudice for failure to state a claim. He also recommended that plaintiff's claims against Angela Jackson, who was added as a defendant in the amended complaint but has not yet been served, also be dismissed with prejudice.

Plaintiff has filed an objection in which he states, without explanation or argument, that he objects to the magistrate judge's analysis, conclusions and recommendations. In his objection plaintiff also challenges the magistrate judge's rulings on several motions plaintiff filed.

The court, having conducted a *de novo* review, concurs with Magistrate Judge Goodwin's analysis of plaintiff's complaint and amended complaint and adopts his Report and Recommendation. Accordingly, plaintiff's claims for money damages against defendants Jones and Wilkinson in their official capacities are dismissed without prejudice.[1] His remaining claims against them and the other defendants, including defendant Jackson,[2] are dismissed with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal moots defendants' motions to dismiss [Doc. Nos. 24, 27]. Plaintiff's objection to the order of the magistrate judge [Doc. #. 59] denying several of his motions is overruled, as

---

[1] *Because the court lacks subject matter jurisdiction over plaintiff's claims seeking money damages from defendants Jones and Wilkinson in their official capacities, those claims must be dismissed without prejudice.*

[2] *The court may dismiss plaintiff's claims against Ms. Jackson pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), even though she has not been served, as it has concluded plaintiff has failed to allege in the complaint any claim upon which relief can be granted. See* Moore-Bey v. Cohn, *69 F. Appx. 784, 788 (7th Cir. 2003) (unpublished).*

the rulings in the order were neither clearly erroneous nor contrary to law.  *See* Fed.R.Civ.P. 72(a).

**IT IS SO ORDERED**.

Dated this 30th day of December, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE